**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| DANIEL JERYOUS WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV625-037 |
| | ) | |
| FRANK BISIGNANO, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Daniel J. Williams seeks judicial review of the Social Security Administration's denial of his application for Supplemental Security Income ("SSI") benefits. Doc. 1.

## I. GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."

> *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *see also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Administrative Law Judge ("ALJ") applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is

> "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the [residual functional capacity ("RFC")] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015).

At steps four and five, the ALJ assesses the claimant's RFC. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under

the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II. BACKGROUND

Williams, born on December 23, 1990, applied for SSI in November 2018 alleging disability beginning February 1, 2018. Tr. 351-56. He has a high school education and no past relevant work. Tr. 377. After a hearing, an ALJ issued a decision on September 15, 2020, finding Williams not disabled. Tr. 179-97. The Appeals Council remanded the case back to an ALJ for further proceedings. Tr. 198-200. After another hearing, an ALJ issued a second decision on July 22, 2021, again finding Williams not disabled. Tr. 7-32. The appeals council denied review. Tr. 1-6. Williams filed suit in this Court, which remanded the case to the agency for further proceedings. Tr. 786-88; *see also Williams v. Kijakazi*, CV622-025, doc. 24 (S.D. Ga. Jan. 9, 2023).

On remand, an ALJ conducted another hearing, tr. 760-85, and on May 30, 2024, issued another unfavorable decision finding Williams not disabled, tr. 830-57. The ALJ found Williams's bipolar disorder, most recent episode depression without psychotic features, generalized

anxiety disorder, social anxiety disorder, and obesity to be severe impairments, tr. 836-37,[1] but determined they did not meet or medically equal a Listing, tr. 837-39. The ALJ then found that Williams retained the RFC to perform light work, except:

> [T]he claimant can push/pull up to 10 pounds occasionally. He can stand or walk up to 6 of 8 hours and sit up to 6 of 8 hours with normal breaks. The claimant should not climb ladders or scaffolds and he should not work at unprotected heights or other workplace hazards. The claimant can occasionally stoop, kneel, crouch, or crawl. Work is limited to simple, routine work. Work should involve simple, work related decisions with few, if any, workplace changes. The claimant can have occasional interaction with coworkers and supervision but no public interaction, meaning he can be around the public but should not engage in business or transaction type activities.

Tr. 839-49. Williams had no past relevant work, tr. 849, but the ALJ found that there are jobs that exist in significant numbers in the national economy that he could perform, tr. 849-50. Therefore, he was found to be not disabled. Tr. 850.

The Appeals Council declined to assume jurisdiction, tr. 753-59, and Williams filed the instant lawsuit seeking judicial review of the ALJ's decision. *See generally* doc. 1; *see also* 42 U.S.C. §§ 1383(c)(3),

---

[1] The ALJ determined Williams's hypertension, dermatographia, low vision, and diabetes are non-severe. Tr. 836. The ALJ also found no medically determinable impairment for Williams's reported back pain. Tr. 837.

405(g). The parties have submitted their briefs, docs. 15, 18, & 20, and the matter is ripe for disposition. *See* Rule 5, Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) ("The action is presented for decision by the parties' briefs.").

## III. ANALYSIS

Williams' arguments center around the ALJ's consideration of the medical opinions of two State Agency psychologists, Dr. William Gore and Dr. Spurgeon Cole. He first argues the ALJ erred by finding the medical opinions of Dr. Gore and Dr. Cole persuasive, consistent and supported by the record, but failing to explain why their assessed mental limitations were not included in the RFC assessment. Doc. 15 at 3-10. Similarly, he argues the ALJ failed to adequately account for the other non-exertional mental limitations opined by Drs. Cole and Gore. *Id.* at 10-12. Finally, he argues the ALJ failed to comply with the directives in the Agency's Remand Order, since that Order specifically addressed the prior inadequate evaluation of the medical findings of Drs. Gore and Cole, and directed the ALJ to appropriately evaluate the medical source opinions and prior administrative medical findings. *Id.* at 12-14.

The ALJ appropriately evaluated Dr. Gore's and Dr. Cole's opinions. For claims filed after March 27, 2017, as here, the ALJ will not defer or give any specific weight to medical opinions or prior administrative medical findings. 20 C.F.R. § 404.1520c(a); *see also Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896-98 (11th Cir. 2022) (affirming the new regulations that eliminate the treating physician rule for claims filed after March 27, 2017). Under the applicable regulation, to determine the persuasiveness of a medical opinion or prior administrative finding in the record, the ALJ focuses on factors that include supportability, consistency, the medical source's relationship with the claimant, and the medical source's specialization. 20 C.F.R. § 404.1520c(c).

The Eleventh Circuit has summarized the effect of the 2017 amendments to the SSA's regulations. *See Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022).

> Under the new regulations an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. [20 C.F.R.] § 404.1520c(c)(1)-(5).

> The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors. *Id.* § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be." *Id.* § 404.1520c(c)(1). And "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

*Id.* As for the two most important factors, "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

The ALJ appropriately evaluated the opinions of Drs. Gore and Cole using this framework. Tr. 845. The ALJ's decision acknowledges both doctors found Plaintiff was able to:

> follow rules and remember simple 1 or 2 step instructions but not complex;

> can complete detailed tasks and maintain focus for extended periods with moderate difficulty; he can attend to simple, repetitive tasks for two hour blocks of time 40 hours per week with moderate interference from psychiatric symptoms; he can make simple work-related decisions and respond to minor changes in work routine with minimal supervision; he should not work with the public or in the stress of close coordination with others, but can work in the presence of others and accept supervision and feedback regarding performance with episodic, but not enduring difficulty; he can make simple plans, set simple goals in the context of simple, socially uncomplicated, manual routine, and can avoid common workplace hazards, use public transportation, and maintain appropriate appearance and hygiene, and found adaptation is not substantially limited.

Tr. 845. The ALJ then determined these medical findings to be "partially persuasive." *Id.* He found their findings of "moderate limitations" to be consistent with each other, supported by the claimant's reported symptoms and the abnormal exam findings in the record, and grounded in the objective medical evidence. Tr. 845-46.

Not only did the ALJ appropriately consider Dr. Gore and Dr. Cole's medical opinions, but he appropriately formulated Plaintiff's RFC. The ALJ found that, though their assessments of Plaintiff's mental residual functional capacity were "consistent with each other and most persuasive regarding the claimant's mental functioning abilities," they did not have the opportunity to review several records at

the hearing level or hear the claimant's testimony, and they used "undefined, non-vocational terms." Tr. 846. He formulated an RFC that included limitations to simple, routine work with simple, work-related decisions and few, if any, workplace changes. Tr. 839. He also included a limitation that Plaintiff have "occasional interaction with coworkers and supervision but no public interaction, meaning he can be around the public but should not engage in business or transaction type activities." *Id.* He supported his articulation of Plaintiff's RFC with a detailed discussion of Plaintiff's testimony, tr. 840, the objective medical evidence in the record, tr. 841-44, the medical opinions and prior administrative medical findings in the record, tr. 845-48, and the available third-party statements, tr. 848.

As discussed above, at step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 870 n. 5 (11th Cir. 2012)

(citations omitted). The task of determining a claimant's RFC rests with the ALJ. *Moore v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 941, 945 (citing 20 C.F.R. § 404.1546(c)). In the Eleventh Circuit, the ALJ satisfies this task by "stat[ing] with clarity his reasons for his decision." *Sturdivant v. Soc. Sec. Admin., Comm'r*, 2023 WL 3526609, at *4 (11th Cir. 2023) (citing *Winschel*, 631 F.3d at 1179).

Plaintiff argues that the ALJ found Dr. Gore's and Dr. Cole's medical opinions "persuasive," and despite doing so, erroneously failed to account for their limitation to simple 1 or 2 step instructions in Plaintiff's RFC. Doc. 15 at 4-6. He further argues that the ALJ failed to adequately account for the other nonexertional limitations opined by the consulting psychologists. *Id.* at 10-12. Plaintiff is correct that the ALJ is required to explain any conflict between the RFC and medical opinions. *Weidlich v. Comm'r of Soc. Sec.*, 2023 WL 8015753, at *2 (11th Cir. Nov. 20, 2023) (citing SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)). His argument fails, however, because the ALJ did explain his formulation of the RFC and why it may conflict with the opinions of Drs. Gore and Cole. Tr. 845-46.

First, as explained above, the ALJ did not find their opinions persuasive, but "partially persuasive," and explained why. Tr. 845-46. Additionally, the ALJ specifically explained why he discounted their opinions as to Plaintiff's mental residual functional capacity. Tr. 846. Though he found their opinions partially persuasive, he determined Plaintiff's RFC, as set forth in his decision, best reflected the completed longitudinal record "using programmatic language." *Id.* The ALJ, therefore, complied with the requirement that he "address any conflicts between the FRC and medical opinions." *Weidlich*, 2023 WL 8015753, at *2. Overall, the ALJ's discussion of Plaintiff's testimony, review of the objective medical evidence, and evaluation of the medical opinion evidence provide the substantial evidence necessary to affirm the ALJ's decision. Tr. 839-49.

Plaintiff's argument about the ALJ's compliance with the Agency's remand order is similarly unavailing. Doc. 15 at 12-14. The Appeals Council directed the ALJ to "[g]ive further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security

Ruling 96-8p). In so doing, evaluate the medical source opinion(s) and prior administrative medical findings pursuant to the provisions of 20 CFR 416.920c." Tr. 794. As the Defendant points out, "the ALJ did precisely this." Doc. 18 at 12. Plaintiff's argument fails.

## IV. CONCLUSION

Because the ALJ's decision is supported by substantial evidence, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 26th day of August, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA