**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| DANIEL JERYOUS WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | ) | CV625-037 |

**ORDER**

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R) of August 26, 2026, (doc. no. 21), to which Plaintiff has objected, (doc. no. 24). The Magistrate Judge found that the Administrative Law Judge ("ALJ") appropriately considered the medical opinions of two State Agency psychologists, Dr. William Gore and Dr. Spurgeon Cole. (Doc. no. 21 at 6-12.) He determined the ALJ's decision was supported by substantial evidence and recommended that the Commissioner's final decision be affirmed. Id. at 13. Plaintiff objects, arguing that ALJ did not adequately explain the omission of the psychologists' limitation to simple 1 or 2 step instructions in Plaintiff's residual functional capacity ("RFC"). See generally doc. 24.

The ALJ's decision acknowledges both Dr. Gore and Dr. Cole's opinions, determines them to be "partially persuasive," explains why, and explains that though the opinions are "consistent with each other and most persuasive regarding the claimant's mental functioning abilities," the consultants "did not have the opportunity to review several records at the hearing level, hear the claimants testimony, and these prior

administrative medical findings use a number of undefined, non-vocational terms, including use of the terms like "minimal supervision," and "enduring." Tr. 845-46. Ultimately, therefore, the ALJ found that the final RFC "best reflects the complete longitudinal record using programmatic language." Tr. 846. The Magistrate Judge is correct, and the ALJ did what was required under the governing regulations. See 20 C.F.R. § 404.1520c(c).

The ALJ considered the consistency and supportability of Drs. Gore and Cole's opinions and found them partially persuasive, but "most persuasive regarding the claimant's mental functioning abilities." Tr. 846. Even considering the ALJ's use of "most persuasive" to describe the psychologists' mental functioning opinions, finding a medical opinion persuasive does not require the ALJ to fully incorporate that opinion into the RFC. The RFC "is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive." Beegle v. Soc. Sec. Admin., Com'r, 482 F. App'x 483, 486 (11th Cir. 2012); Nichols v. Kijakazi, No. 320-CV-224, 2021 WL 4476658, at *8 (M.D. Ala. Sept. 29, 2021) ("The ALJ was under no obligation to adopt verbatim all of [the doctor's] limitations into the RFC.") Indeed, per the regulations, the ALJ cannot defer or give any specific evidentiary weight to any medical opinion. 20 C.F.R. § 416.920c(a). Instead, the ALJ is to examine the persuasiveness of medical opinions and formulate an RFC that is supported by substantial evidence. The Magistrate Judge is correct that the ALJ here appropriately considered Plaintiff's testimony, the objective medical evidence, and the medial opinion evidence in formulating the RFC, and that the RFC is supported by substantial evidence. (Doc. 21 at 12 (citing tr. 839-49).)

For the foregoing reasons, Plaintiff's objections are **OVERRULED**, (doc. no. 24), the R&R, (doc. no. 21), is **ADOPTED** as the Court's opinion in this case, and the

Commissioner's final decision is **AFFIRMED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of September, 2026.

**HONORABLE J. RANDAL HALL**
**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**